UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GILBERTO ROJAS PEDROZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:26-cv-00203-SEB-TAB |
| ) | |
| SAMUEL OLSEN Director of Chicago Field ) | |
| Office, U.S. Immigration and Customs ) | |
| Enforcement, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER DISCUSSING RESPONDENTS' RESPONSE TO ORDER TO SHOW CAUSE**

The Court granted Gilberto Rojas Pedroza's petition for a writ of habeas corpus and directed that Respondents afford him a bond hearing under 8 U.S.C. § 1226(a). Dkt. 11. Respondents provided the hearing and released Mr. Rojas Pedroza from detention. Dkt. 14.

Prior to handing down that decision, the Court ordered Respondents to supplement their response to Mr. Rojas Pedroza's petition in which they had failed to address many of the claims for relief he presented. Dkt. 7. In light of these omissions, the Court ordered counsel for Respondents to show cause why she should not be sanctioned for her repeated failures to address Mr. Rojas Pedroza's substantive arguments in her supplemental response. Dkt. 11 at 12–16.

Respondents' counsel has now responded, arguing that no sanctions are warranted because her responses were sufficient and had been made in good faith. Dkt. 13. We now respond to counsel's proffered explanations in answer to the show-cause order.

**I. Background**

In his petition for habeas relief, Mr. Rojas Pedroza alleged that he had been arrested and taken into custody by Indiana State Police on January 23, 2026, and transported to a jail in

Kentucky after which he was transferred to the Clay County Jail. He averred that, as of January 30, he had not been presented with any ICE-generated notification of the basis for his detention or provided any opportunity to legally challenge his continued detention. Dkt. 1.

Mr. Rojas Pedroza's petition concluded with the following clearly framed unambiguous statements setting out in bold type two grounds for his claims for relief:

> **For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the Fourth Amendment Prohibition on Unreasonable Seizures.**
>
> [. . .]
>
> **For these reasons, Petitioner's seizure and continued detention violate 8 U.S.C. § 1357 and 8 C.F.R. §§ 287.3 and 287.8.**

*Id.* at 11–12.

Respondents filed their answer to the petition well in advance of the deadline, arguing at length that Mr. Rojas Pedroza was currently lawfully detained pursuant to 8 U.S.C. 1225(b)(2)(A). Dkt. 6. However, they failed entirely to address the specific claims he had asserted. (This failure is evidenced by a word search of the Respondents' filing which reveals no inclusions of the words "Fourth" or "1357." *Id.* The word "Fifth" appears only in reference to the Fifth Circuit, and "287" appears only as a page number as part of a citation to a Supreme Court decision. *Id.*)

We have compared the response filed in this case to Respondents' filings in other recent cases where the Petitioner advanced the more common argument that he was unlawfully detained under 8 U.S.C. § 1225(b)(2)(A) and that he was instead entitled to a bond hearing under § 1226(a). That comparison reveals that Respondents used virtually identical content in this response, even though Mr. Rojas Pedroza did not raise a § 1226(a) argument. In other words, it appears that Respondents' counsel simply repurposed an old brief without taking into account the arguments actually raised by Mr. Rojas Pedroza. *Compare* dkt. 6 *with Tomas Nicolas v. Warden*, No. 4:26-cv-

00028-SEB-KMB, dkt. 6 (Feb. 7, 2026); *Vargas Sanchez v. Olson*, No. 4:26-cv-00019-SEB-KMB, dkt. 8 (Jan. 27, 2026); *Chesme Bazurto v. Olson*, No. 1:26-cv-00122-SEB-CSW, dkt. 7 (Jan. 24, 2026); *Mares Villagomez v. Noem*, No. 1:26-cv-00089-SEB-KMB, dkt. 7 (Jan. 20, 2026); *Alberto Garcia v. Mills*, 4:26-cv-00002-SEB-KMB, dkt. 7 (Jan. 7, 2026). Indeed, that comparison further discloses that the only portions of the response specifically addressing Mr. Rojas Pedroza's claims appear in the first three paragraphs of the brief (offering a brief factual introduction) and the final sentence (restating the date of his arrest). Dkt. 6 at 1–2, 14.

Given this lack of responsiveness, the Court directed Respondents to supplement their prior filing, according to the following clear instructions:

> The federal respondents will have through the original February 6 deadline to supplement their response to the show-cause order and *specifically address* (a) *the arguments presented in the habeas petition*, and (b) the motion for preliminary injunction. *If those issues are moot or lack merit, Respondents must state why*.

Dkt. 7 at 2 (emphasis added).

Respondents again filed a timely supplement. However, in contravention of our explicit directive, their brief omitted any substantive response to all issues identified (in bold type) in Mr. Rojas Pedroza's petition. Dkt. 8. (Again, a word search reveals that the terms "Fourth," "Fifth," "1357," and "287" appear nowhere in the supplemental response.) Instead, the supplemental brief consists of a mere two paragraphs containing no citations to controlling legal authority submitted ostensibly in reply to Mr. Rojas Pedroza's claim that he had never been notified of the legal basis for his detention. *Id.* at 1–2. Further, Respondent's brief contained no explanation of the circumstances detailing the facts underlying Mr. Rojas Pedroza's arrest or the reasons or his continued detention, pursuant to Fourth Amendment standards or the relevant statutes or regulations that he had cited in his petition.

3

Faced with these continued omissions, the court ordered counsel for Respondents to show cause why she should not be sanctioned, pursuant to 28 U.S.C. § 1927 and/or the Court's inherent authority for her noncompliance with Court orders.

## II. Legal Standard

When "an attorney's 'contumacious conduct threatens a court's ability to control its own proceedings,' the district court's inherent authority to impose sanctions is 'at its pinnacle.'" *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 958 (7th Cir. 2020) (quoting *Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018)). Additionally, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  "The purpose of § 1927 'is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.'" *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (quoting *Kapco Mfg. v. C&O Enters.*, 886 F.2d 1485, 1491 (7th Cir. 1989)).

"A lawyer's subjective bad faith is a sufficient, but not necessary, condition for § 1927 sanctions; objective bad faith is enough." *Matter of Lisse*, 921 F.3d 629, 641 (7th Cir. 2019). "Attorneys demonstrate objective bad faith when they pursue 'a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.'" *Id.* (quoting *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (2018)).  "The standard for objective bad faith does not require a finding of malice or ill will; reckless indifference to the law will qualify." *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006).

### III. Analysis

The Court's show cause order was predicated on the importance of counsels' responsibilities in representing their clients, both in terms of the clients' interests and the court's. These obligations are particularly important and admittedly challenging where the applicable legal principles seemingly shift on a daily basis. Our concerns here arose due to the unresponsiveness of Respondents' counsel in fulfilling these duties to the Court. Such a refusal impedes the Court's ability to craft correct and well-reasoned decisions in a timely manner as well as imposes unnecessary delay on petitioners such as Mr. Rojas Pedroza who are seeking their release from detention.

Mr. Rojas Pedroza had included in his petition his specific claims for relief (in bold type), making them not just easy to spot but totally obvious. After counsel failed to address them in her initial response, the Court specifically instructed her to "address . . . the arguments presented in the habeas petition." Dkt. 7 at 2. "A reasonably careful attorney" would have reviewed the petition and constructed a supplemental response targeting each argument. *Matter of Lisse*, 921 F.3d at 641. Counsel's supplemental brief again fell far short of this standard. Arguably, counsel's "deaf ear" reflected her "objective bad faith," such that sanctions were warranted. *Matter of Lisse*, 921 F.3d at 641.

Counsel for Respondents has offered two explanations/defenses for her actions: first, that her submissions were in fact sufficient, and second, that any deficiency is not fairly attributable to her bad faith. We address her responses below:

A.   **Responsiveness of Arguments**

Counsel for Respondents explains that in both her original response and her supplemental response she fairly addressed Mr. Rojas Pedroza's allegations by providing the government's legal

theory justifying his continued detention. *See* dkt. 13 at 3 ("[T]he Federal Respondents directly addressed the Petitioner's set of allegations that there was no lawful basis for his detention, by setting forth both the evidentiary and legal support for the Petitioner's detention by ICE."); *id.* at 7 ("[T]he Respondents maintained that the Petition for Writ of Habeas Corpus lacked merit because the Petitioner was being lawfully detained on a mandatory basis as an applicant for admission pending removal proceedings before an Immigration Judge under 8 U.S.C. § 1225.").

A review of her initial response reveals that she:

- identified the statutory basis for Mr. Rojas Pedroza's detention;

- demonstrated that he was detained based on an administrative warrant that was read to him in Spanish;

- argued that he was not entitled to relief under *Castañon-Nava v. DHS*, a Seventh Circuit decision that is not mentioned in Mr. Rojas Pedroza's petition;

- offered evidence that Mr. Rojas Pedroza prolonged his own detention by agreeing to voluntary departure and then changing his mind; and

- arguing that he was an inadmissible alien who was statutorily ineligible for consideration of release on bond.

*Id.* at 3–5. In her supplementary response, she explains that she:

- "directly confronted" the question of whether the case was moot;

- addressed Mr. Rojas Pedroza's claim that he was detained without proper notice; and

- properly responded to Mr. Rojas Pedroza's motion for preliminary injunction.

*Id.* at 7–8.

However, these descriptions miss the point. We do not dispute that Respondents did in fact include an explication of their theory for why Mr. Rojas Pedroza's detention was lawful, but the Court's orders stemmed from her repeated refusal to address *Mr. Rojas Pedroza's* specific arguments for why he was entitled to be released. Even construing counsel's response in a way

favorable to her, it is clear that she entirely failed to address Mr. Rojas Pedroza's claims that he had been arrested and detained in violation of the Fourth Amendment, 8 U.S.C. § 1357, or related regulations. We proffer that it is virtually impossible to rebut a Fourth Amendment argument (or a statutory argument) without ever mentioning the Fourth Amendment (or the statute.)

Respondent's attorney, rather than confronting this habeas corpus petitioner's factual allegations and legal arguments head on, simply repeated her client's theory of the case. Thus, the Court's explicit directive to counsel: to "specifically address . . . *the arguments presented* in the habeas petition." Dkt. 7 at 2 (emphasis added). Counsel's legal justification for Mr. Rojas Pedroza's detention was simply not responsive. Counsel's job does not begin and end simply by presenting her client's theory of the case. Even if a habeas petitioner advances an argument that is legally or factually untenable, counsel is obligated to address that argument by explaining why it is either irrelevant and/or erroneous. If a habeas petitioner advances an argument based on inapplicable legal principles, counsel for Respondents must lay out the basis for their disagreement. It is simply insufficient for counsel to restate her client's best case and leave to the Court the determination of how that theory fares against her opponent's arguments and whose arguments ultimately prevail.

**B.    Appropriateness of Sanctions**

Counsel contends that, in any event, sanctions are not warranted because any failure on her part to respond to the issues raised in the petition did not arise from nor constitute bad faith. Counsel argues that she "attempted to address the factual and legal issues raised in the petition." Dkt. 13 at 8. Her intentions were good, she says, when she "aimed to respond to the Petitioner's allegations and the Court's Order by presenting both a factual and legal basis for the Petitioner's detention and to demonstrate that the allegations were indeed without merit." *Id.* at 9.

7

After careful reflection, we accept her conclusion that sanctions are not warranted in this instance for the following reasons:

First, though we believe a "reasonably careful attorney" would have had no difficulty following the Court's order to "address . . . the arguments presented in the habeas petition, " (*Matter of Lisse*, 921 F.3d at 641; dkt. 7 at 2.), we are not entirely convinced that her failure to do so was the product of bad faith.

While falling short of being sanctionable "bad faith," we retain a lingering concern over whether counsel fully comprehends the nature and extent of her obligations to craft her submissions to fully and substantively respond to the Petitioner's allegations. Attorneys, of course, are required to present the factual and legal arguments that support their client's positions and rebut opponent's factual allegations as well as opponent's legal arguments, but when the Court unequivocally orders a particular response be made to specific issues, counsel is obligated to comply with that order.

Second, we acknowledge that, even if counsel's actions were the product to of bad faith, our effort to fashion an appropriate sanction would be at best a significant challenge. At this point, we have granted Mr. Rojas Pedroza's petition, and he has now been released from custody, so any equitable sanction requiring a release, for example, would be moot. Further, the weight of counsel's failure to address Mr. Rojas Pedroza's legal arguments regarding a release, for example, fell primarily on the Court, not on Mr. Rojas Pedroza personally. In exercising the Court's inherent or statutory authority per § 1927, any award of attorney's fees must be limited to "fees incurred because of the misconduct at issue." *Goodyear tire & Rubber v. Haeger*, 581 U.S. 101, 108 (2017); *see also* 28 U.S.C. § 1927 (Counsel "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees *reasonably incurred because of such conduct*.") (emphasis

added). No assessment of fees would be appropriate here. Because counsel's actions were not the product of her bad faith and because any sanction would be unavailing and/or unavailable, no imposition of sanctions will be forthcoming.

### IV. Conclusion

The Court's order to show cause, dkt. [11], is **discharged without further order**. This cause shall remain closed on the Court's docket.

**IT IS SO ORDERED.**

Date: 3/13/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kristen Maree Barrow
Law Office of Kristen Barrow
kristenmbarrow@gmail.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov